IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO

Civil Action No.

TIFFANY MAI,

        Plaintiff,

v.

LAURA ELSADEN,

        Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Plaintiff Tiffany Mai ("Ms. Mai") through her counsel, Robinson Waters & O'Dorisio, P.C., respectfully submits this Complaint and Demand for Jury Trial against Defendant Laura Elsaden ("Defendant"), and states as follows:

### NATURE OF THE ACTION

1. This is a defamation action in which Ms. Mai seeks to hold Defendant accountable for her calculated and malicious smear campaign, involving the repeated false and defamatory statements accusing Ms. Mai of being a prostitute, with the intent to destroy her reputation and professional standing.

2. Ms. Mai is an award-winning businesswoman and philanthropist who has achieved considerable success as the owner of multiple insurance agencies in Colorado and California and is the founder of several entrepreneurial ventures. She has never engaged in prostitution, nor has she ever been associated with any such activities.

3. Defendant, aware of Ms. Mai's prominence in business and social circles, intentionally and maliciously propagated these falsehoods in public settings, knowing they are unverified and seemingly entirely fabricated.

4. Ms. Mai, together with her husband Brian Watson, has invested heavily in the prestigious C Lazy U Ranch, a Colorado mountain dude ranch community known for its elite membership and guests from around the world. Ms. Mai and her husband designed and built a property valued at over $7.9 million, with annual costs exceeding $50,000 for Homeowner's Association fees and related expenses.

5. One of Ms. Mai's primary reasons for associating with the C Lazy U Ranch is to cultivate and maintain business relationships. Ms. Mai utilizes the Ranch to host events for her clients as well as providing retreats that bring together her insurance company's team. Her continued engagement at the ranch is integral to her professional and personal networking efforts.

6. Defendant's sad and vicious lies have undermined Ms. Mai's ability to maintain these relationships and have irreparably harmed her reputation, jeopardizing both her personal and professional life.

7. There is no doubt that Defendant acted with malice, as evidenced by her unprovoked actions and the deliberate repetition of her false accusations, even after being served with a cease-and-desist letter by Ms. Mai in August 2024.

8. Ms.Elsaden continues to slander Ms. Mai's name and reputation thus making the Ranch environment uncomfortable and hostile to Ms. Mai in a seeming effort to make her move away from the community she has been part of for over six years. Ms. Mai anticipates that she will learn through discovery that Defendant has been making these false statements for years as other members of the Ranch have communicated this fact to her.

9. This lawsuit is being filed to vindicate Ms. Mai's name and to protect her and her businesses from Defendant's false and defamatory statements.

10. Ms. Mai seeks relief in order to ensure that Defendant's malicious actions do not continue to harm her or others in the future.

11. Ending false, defamatory and hostile campaigns like the one Laura Elsaden has engaged in against Ms. Mai, especially when it was unprovoked by Ms. Mai, is the cornerstone of preserving and protecting human dignity at the root of our system of justice.

12. Laura Elsaden must be held accountable for her slanderous and defamatory statements and the destruction of Ms. Mai's name, reputation, business, and business prospects.

## THE PARTIES

13. Plaintiff Tiffany Mai is an individual who is a resident of California.

14. Ms. Mai earned a degree in Political Science from the University of Colorado at Denver.

15. Ms. Mai is a successful entrepreneur recognized for her achievements in several industries.

16. Ms. Mai has worked in the insurance industry for seventeen years.

17. Ms. Mai is a co-founder of Ready Fit Go, a healthy food company that expanded to nine store locations within two years, before Ms. Mai sold her interest in 2017.

18. Ms. Mai has invested in and successfully renovated multiple homes, managing every step of the process, and selling each property for a significant profit.

19. Ms. Mai has over 17 years of experience in the insurance industry, including owning and operating multiple successful agencies, serving over 15,000 clients.

3

20. Ms. Mai is also a philanthropist who founded and operated Making An Impact, a Colorado nonprofit that connects professionals with volunteer opportunities at charitable organizations including The Anchor Center for Blind Children, The Boys and Girls Club, the Tennyson Center for foster children and Project C.U.R.E., which provides critical medical supplies and services to developing countries in need.

21. Defendant Laura Elsaden (aka Laura El-Saden, aka Laura Balfrey) is an individual who, upon information and belief, resides in Illinois. Defendant may be served at her residence at 699 Locust Street, Winnetka, Illinois 60093, or wherever she may be found.

22. Ms. Mai's reputation is a key to her success, her mental and psychological well-being, and to her continued ability to grow her businesses.

## JURISDICTION AND VENUE

23. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has diversity jurisdiction over this action because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

24. Venue is proper in this Court, pursuant 28 U.S.C. § 1391(b)(2) because the incidents giving rise to the causes of action occurred in the State of Colorado.

25. Because Defendant circulated slanderous and defamatory statements concerning Ms. Mai within this State, this Court also has jurisdiction over this matter under the U.S. Supreme Court's decision in *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 777 (1984).

## GENERAL ALLEGATIONS

26. For approximately 105 years, the approximately 8,500 acre C Lazy U Ranch in Granby, Colorado has been serving as a premier, luxury dude ranch for discerning travelers and guests.

27. While many people visit the ranch from all over the world, including top businesspeople and people of means from both the United States and abroad, many other people choose to purchase a lot at the Ranch to build on and become a member of C Lazy U Ranch.

28. On Friday evening, July 5, 2024, the C Lazy U Ranch hosted a public dance in the dance barn for the owners and guests.

29. Defendant Laura Elsaden was at the dance.

30. At some point during the evening, Defendant approached guests of Mr. Watson and, without provocation, began falsely and maliciously stating that Ms. Mai was a prostitute, that Ms. Mai's husband, Brian Watson, was married to a prostitute, and that he had numerous relations with prostitutes.

31. These defamatory remarks were overheard by several individuals, including employees of the ranch, causing immediate and significant harm to Ms. Mai's standing within the ranch community and beyond.

32. Despite being confronted about her falsehoods, Defendant continued her campaign of defamation, even repeating the malicious statements in a public place where additional individuals overheard her lies.

33. Defendant's actions have made the ranch a hostile and unwelcoming environment for Ms. Mai, damaging her ability to use and enjoy the Ranch and to participate in its events.

34. Defendant's actions have caused Ms. Mai severe emotional and psychological distress as well as economic harm to her business and her business relationships.

35. The stress and embarrassment caused by Ms. Elsaden's malicious lies have caused stress and marital issues between Ms. Mai and Mr. Watson.

36. Defendant's baseless attacks continue to impact Ms. Mai's personal and professional circles.

### FIRST CLAIM FOR RELIEF
**Defamation**

37. Ms. Mai incorporates all foregoing allegations as though set fully herein.

38. On July 5, 2024, Defendant made the defamatory statement described herein at the C Lazy U Ranch in Granby, Colorado.

39. Those statements were and continue to be materially false.

40. The statements clearly concern Plaintiff Tiffany Mai.

41. The statements were published to third parties with actual malice.

42. Defendant's actions caused actual or special damages.

43. As a result, Tiffany Mai has suffered economic and non-economic damages in amounts to be proven at trial, though they are estimated at $50 million plus additional damages as a Court and/or jury may award.

### SECOND CLAIM FOR RELIEF
**Permanent Injunctive Relief**

44. Ms. Mai incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

45. Once a final determination has been made that Defendant's statements at issue are defamatory, Ms. Mai seeks a permanent injunction prohibiting Defendant from repeating the defamatory speech.

46. Defendant has not stopped repeating and publishing the false and defamatory statements described herein.

47. As a result, Ms. Mai continues to be injured in her reputation and will continue to be

after a trial, if Defendant is permitted to continue repeating the defamatory statements.

48.     The injuries Ms. Mai will continue to suffer as a result of Defendant's defamatory statements are irreparable, and any remedy for the injuries available to Plaintiffs through a future award of damages would be inadequate.

49.     Ms. Mai is entitled to an Order of this Court permanently prohibiting Defendant from repeating the speech found defamatory in this case, and a sanction of $10 million per occurrence for any time it is broken by Defendant.

## JURY DEMAND

Ms. Mai demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Mai requests that the Court enter judgment in her favor and against Defendant Laura Elsaden and to grant the following relief:

1.     Economic damages estimated at $50 million, plus additional damages as the Court and Jury may award, as proved at trial;

2.     Non-economic damages at the maximum rate allowed by law;

3.     Pre-judgment and post-judgment interest on all such amount at the maximum rate allowed by law;

4.     An Order mandating that Defendants immediately stop all defamatory statements described above, and if this is violated a sanction of $10 million per occurrence by Defendant; Costs, expenses and attorney fees that Plaintiffs have incurred and will continue to incur bringing and maintaining this action; and

5.     Any and all such other and further relief that the Court deems just and equitable under the circumstances.

Respectfully submitted this 25th day of October 2024.

                                                */s/ Tracy L. Ashmore*
                                                Tracy L. Ashmore
                                                Robinson Waters & O'Dorisio, P.C.
                                                1099 18th Street, Suite 2600
                                                Denver, Colorado 80202
                                                Office: (303) 297-2600
                                                Facsimile: (303) 297-2750
                                                Email: tashmore@rwolaw.com

                                                *Attorneys for Tiffany Mai*

4868-7638-7059, v. 1