IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 24-cv-02999-CNS-STV

TIFFANY MAI,

    Plaintiff,

v.

LAURA ELSADEN,

    Defendant.

---

## ORDER

---

This case begins with a conversation. Plaintiff Tiffany Mai alleges that on Friday, July 5, 2024, Defendant Laura Elsaden—without provocation—described Ms. Mai as a prostitute to partygoers at a dance. This description, Ms. Mai alleges, is wrong and has caused her approximately $50,000,000 in damages.

Before the Court is Ms. Elsaden's Motion to Dismiss, ECF No. 10, Ms. Mai's Complaint, ECF No. 1, in which Ms. Mai advances a claim for defamation. Because Ms. Mai fails to plausibly do so, the Court GRANTS Ms. Elsaden's dismissal motion. In reaching this conclusion, the Court presumes a reader's familiarity with this case's procedural background, Ms. Mai's allegations, and the legal standard governing the Court's analysis of Ms. Elsaden's dismissal motion. *See, e.g., Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274–75 (10th Cir. 2023).

1

## I.  ANALYSIS

Ms. Elsaden's dismissal argument proceeds as follows: Ms. Mai alleges she is a public figure; Ms. Elsaden's allegedly defamatory statement is about a matter of public concern; and that for these reasons Ms. Mai must allege Ms. Elsaden spoke with actual malice. But, according to Ms. Elsaden, she has not. Explained below, the Court agrees with Ms. Elsaden that—accepting Ms. Mai's allegations as true, as the Court must—Ms. Mai is a public figure about whom Ms. Elsaden made a statement but without actual malice. As a threshold matter, the Court notes that the parties do not dispute Colorado law applies to the Court's analysis of Ms. Elsaden's dismissal motion. *See* ECF No. 10 at 7 n.4; ECF No. 11 at 4 n.1. Nor do the parties contest the applicable elements of a defamation claim under Colorado law, or the heightened burden of actual malice a plaintiff must meet to show defamation if a plaintiff is a public figure or the defamatory statement is one of public concern. *See, e.g., McIntyre v. Jones*, 194 P.3d 519, 523–24 (Colo. App. 2008); ECF No. 10 at 6; ECF No. 11 at 4; ECF No. 20 at 5.

### A. Public Figure

The parties dispute whether, as alleged, Ms. Mai is a public figure. *Compare* ECF No. 10 at 6, *with* ECF No. 11 at 5. The Court agrees with Ms. Elsaden that Ms. Mai is.

The gravamen of Ms. Elsaden's dismissal argument is that Ms. Mai has pleaded she is a sufficiently "prominent figure in business and social circles" as to be a public figure. ECF No. 10 at 7. Ms. Mai resists, arguing she has not pleaded facts establishing that she is a public figure because she "does not occupy a position of persuasive power and influence." ECF No. 11 at 7 (quotations omitted). But, even reading Ms. Mai's

2

allegations in their entirety and in the light most favorable to her, *see Clinton*, 63 F.4th at 1275, that is incorrect. Ms. Mai alleges the following throughout her complaint:

- She is an "award-winning businesswoman and philanthropist who has achieved considerable success as the owner of multiple insurance agencies in Colorado *and California* and is the founder of several entrepreneurial ventures;"

- She has "prominence in business and social circles;"

- She, along with her husband, run the "prestigious C Lazy U Ranch," that is "known for its *elite* membership and *guests from around the world*," and the Ranch is "valued at over $7.9 million;"

- Ms. Mai maintains the Ranch to "cultivate and maintain business relationships;"

- The Ranch is a "premier, luxury dude ranch for discerning travelers and guests;"

- Guests visit the Ranch "from *all over the world*, including top businesspeople and people of means from both the United States and abroad."

ECF No. 1 at 1–5 (emphases added).

These allegations show Ms. Mai is a person who has "assumed a role of especial prominence in the affairs of society." *McIntyre v. Jones*, 194 P.3d 519, 527 (Colo. App. 2008) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974)) (alterations omitted). And not only has Ms. Mai allegedly assumed this prominent role in American society—she has done so globally. *See, e.g.,* ECF No. 1 at 2 ¶ 4. These allegations underscore the extent to which Ms. Mai "occup[ies]" a "position[] of such persuasive power and influence" as to be a "public figure for all purposes," and bely Ms. Mai's argument that there is only a "small number" of Ranch community members. *Hutchinson v. Proxmire*, 443 U.S. 111, 134 (1979) (alterations added); *DiLeo v. Koltnow*, 200 Colo. 119, 123, 613

3

P.2d 318, 321–22 (1980) ("[P]ublic figures . . . have broadly exposed themselves to the increased risk of defamatory falsehoods through their attainment of *public prominence*.") (emphasis added); *Gertz*, 418 U.S. at 342 ("Those who, by reason of the notoriety of their achievements or the vigor and success with which they seek the public's attention, are properly classed as public figures . . . ."); *Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) (determining district court "correctly held [plaintiff] [was] a public figure" based on plaintiff's "*own characterization of himself* as a well-known radio commentator" (quotations omitted) (emphasis added)). *Cf.* ECF No. 11 at 7; *Zueger v. Goss*, 343 P.3d 1028, 1036 (Colo. App. 2014) (concluding plaintiffs were not public figures where dispute was "between private parties"). Particularly where the "elite" guests for the "prestigious" and "luxury" C Lazy U Ranch come from "around the world" and arrive for business purposes, and Ms. Mai operates the Ranch to maintain "business relationships" rather than for purely recreational or personal purposes. *See* ECF No. 1 at 2–5.

For these reasons, the Court agrees with Ms. Elsaden that Ms. Mai has alleged she is a public figure. Therefore, the Court need not analyze whether Ms. Mai has alleged whether Ms. Elsaden's statement was one that concerned a matter of public concern. *See, e.g., Seible v. Denver Post Corp.*, 782 P.2d 805, 808 (Colo. App. 1989). And because Ms. Mai has pleaded facts showing that she is a public figure, she must also plead facts showing that Ms. Elsaden acted with actual malice in allegedly stating Ms. Mai is a prostitute. *See, e.g., McIntyre*, 194 P.3d at 524.

### B. Actual Malice

The parties' arguments are easily summarized: Ms. Elsaden argues Ms. Mai has not adequately alleged Ms. Elsaden acted with actual malice; Ms. Mai argues she has alleged facts meeting this heighted standard. *Compare* ECF No. 10 at 11, *with* ECF No. 11 at 13. The Court agrees with Ms. Elsaden that Ms. Mai has failed to plead facts satisfying her actual malice burden.

To show actual malice, a plaintiff must allege facts showing the defendant made the alleged statement with "actual knowledge that the statement is false or with reckless disregard for whether the statement is true." *McIntyre*, 194 P.3d at 524 (quotation omitted); *see also Farmland Partners Inc. v. Rota Fortunae*, No. 18-cv-02351-KLM, 2020 WL 12574993, at *21 (D. Colo. May 15, 2020) ("At the motion to dismiss stage, a public-figure plaintiff must plead plausible grounds to infer actual malice by alleging enough facts to raise a reasonable expectation that discovery will reveal evidence of actual malice." (quotations and alterations omitted)). Ms. Mai has not met this burden. As Ms. Elsaden persuasively argues, at most Ms. Mai has advanced conclusory allegations that Ms. Elsaden's statement was malicious. *See, e.g.,* ECF No. 10 at 13. Reading the Complaint in its entirety, Ms. Mai has not pleaded facts showing Ms. Elsaden made her statement with either actual knowledge it was false or reckless disregard as to whether it was true. *See also Clinton*, 63 F.4th at 1275 ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement." (quotation omitted)).

Ms. Mai identifies allegations she argues meet her actual malice burden. *See* ECF No. 11 at 14. But these allegations concern Ms. Mai's alleged success and prominence, the Court's jurisdiction, the harmful effect of Ms. Elsaden's alleged statement, and the simple descriptive fact that Ms. Elsaden called Ms. Mai a prostitute—not Ms. Elsaden's *state of mind when* she allegedly called Ms. Mai a prostitute. *See* ECF No. 11 at 14. And where Ms. Mai does allege Ms. Elsaden acted with actual malice, as indicated above, she does so without the factual enhancement required to survive Ms. Elsaden's dismissal motion. *See Clinton*, 63 F.4th at 1275.

### C. Claim for Injunctive Relief

Finally, Ms. Elsaden moves to dismiss Ms. Mai's second claim for "permanent injunctive relief." ECF No. 1 at 6 (capitalization omitted). The Court agrees with Ms. Elsaden that dismissal of this claim is proper. Not only must a remedy be supported by an underlying substantive claim—and the Court dismisses Ms. Mai's defamation claim—but moreover permanent injunctive relief is a remedy, not a legal claim. *See* ECF No. 10 at 14; *see also Coomer v. Donald J. Trump for President, Inc.*, 552 P.3d 562, 603 (Colo. App. 2024)*.* Ms. Mai's abbreviated, contrary argument, that her claim for injunctive relief is a "non-issue," does not persuade otherwise. ECF No. 11 at 15.

\* \* \*

No one likes being called names. But not every alleged insult gives rise to a lawsuit in federal court. Especially where Ms. Mai has alleged that she is so important as to be a public figure, yet failed to allege Ms. Elsaden made her allegedly defamatory statement with actual malice.

6

## II.   CONCLUSION

Consistent with the above analysis, the Court GRANTS Ms. Elsaden's Motion to Dismiss. ECF No. 10. The Court DISMISSES Ms. Mai's Complaint WITHOUT PREJUDICE. ECF No. 1. She may, should she choose to do so and believes she can cure the above deficiencies, file an amended complaint with 21 days of this Order.

DATED this 20th day of May 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge